IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00193-MSK-MEH

JULIE A. MCTWIGAN-EVANS;
ESTATE OF BILL EVANS; and
KRISTOPHER B. HILL, a minor,
by LORI HILL, his mother and next friend,

    Plaintiffs,
v.

KAREN SPAULDING;
BRIAN IVERS; and
THE CITY OF FORT COLLINS, a Colorado municipal corporation,

    Defendants.
_____

## ORDER
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge**

Before the Court is Defendants' Motion for an Award of Attorney Fees to Defendants City of Fort Collins, Karen Spaulding and Brian Ivers [Docket #31] and Plaintiffs' Counsel's Response [Docket #32] to this Court's Order to Show Cause [Docket #29]. For the reasons stated below, Defendants' Motion is **granted**, and the Order to Show Cause is **discharged**.

This Court issued an Order to Show Cause due to the failure of Mr. Wotan, Plaintiffs' counsel, to appear at two Scheduling Conferences and failure to assist in drafting a Proposed Scheduling Order. Mr. Wotan's inaction caused unnecessary expense and delay for Defendants. In response to the Order to Show Cause, Mr. Wotan explains that he mistakenly thought the conference was scheduled for one hour later. Mr. Wotan asserts that his failure to appear was not willful, and he acknowledges that he has caused additional expense to Defendants. Mr. Wotan agrees that

payment of Defendants' counsel's reasonable attorney's fees and costs associated with attending these two Scheduling Conferences is appropriate.

Defendants' Motion essentially seeks the same relief – the attorney's fees associated with attending these two Scheduling Conferences. Defendants' counsel, Mr. Lyons, represents that Mr. Wotan agrees that $175.00 is a reasonable hourly rate for the time Mr. Lyons spent in preparing for and attending the two Scheduling Conferences. The Court commends Mr. Wotan's forthrightness in this matter.

The Court believes that an award of fees is appropriate in this case for the time Defendants' counsel spent preparing for the Scheduling Conferences at which Plaintiff's counsel failed to appear. In fact, the Minute Order setting the first Scheduling Conferences states that "failure to appear at a court-ordered conference . . . may result in the imposition of sanctions." [Dock. #11] Even so, an award of fees must be reasonable. *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). Defendants' counsel represents that he spent a total of 5.3 hours preparing and attending both conferences. [Dock. #31-2] The Court finds this amount to be reasonable. At the agreed upon reasonable rate of $175.00 per hour, Mr. Wotan is hereby **ordered** to pay Mr. Lyons his attorney's fees in the amount of $927.50.

In addition, Mr. Wotan has asked for a longer period of time in which to pay any award of attorney's fees. The Court will allow Mr. Wotan to satisfy this award of attorney's fees in six equal monthly payments. The exact details may be worked out with Mr. Lyons. Further, Mr. Wotan shall take the lead in filing a joint status report when payment is completed informing the Court that he has satisfied the requirements of this Order.

Accordingly, for the reasons stated above, Defendant's Motion for an Award of Attorney Fees to Defendants City of Fort Collins, Karen Spaulding and Brian Ivers [Filed May 11, 2006; Docket #31] is **granted**. Plaintiff's counsel shall pay to Defendant's Counsel the sum of $927.50 in six equal monthly installments. Plaintiff's counsel is further directed to submit a joint status report informing the Court when payment is completed. The Court's Order to Show Cause [Docket #29] is hereby **discharged**.

Dated at Denver, Colorado this 18th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge