IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00193-MSK-MEH

JULIE A. McTWIGAN-EVANS,
ESTATE OF BILL EVANS, and
KBH, a minor,[1]
by LORI HILL, his mother and next friend,

      Plaintiffs,

v.

KAREN SPAULDING,
BRIAN IVERS, and
THE CITY OF FORT COLLINS, a Colorado municipal corporation,

      Defendants.

## ORDER GRANTING MOTION TO DISMISS
## AND AMENDING THE CAPTION

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss **(#7)** all state law claims as well as any claims by KBH. The Court set the deadline for responding to such motion as April 14, 2006. No Plaintiff has responded to the motion. Having considered the motion, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the pending motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

---

[1] Pursuant to the Privacy Policy set forth in the Electronic Case Filing Procedures for civil cases, the caption is amended to redact the name of the minor Plaintiff.

## II.  Background

The Plaintiffs are Julie McTwigan-Evans, who asserts claims on her own behalf and on behalf of the Estate of Bill Evans, and KBH, a minor child represented by his mother, Lori Hill. They commenced this action in state court in January 2006.  Their claims arise from a January 7, 2004 incident in which law enforcement officers shot Bill Evans, who was the spouse of Ms. McTwigan-Evans and the father of KBH.  It is alleged that he died from his wounds.

In their Complaint, the Plaintiffs assert claims for trespass, gross negligence/negligence, and wrongful death under Colorado law.  They also allege a violation of various amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983.  Named as Defendants are Fort Collins police officers Ms. Spaulding and Mr. Ivers, as well as the City of Fort Collins.

## III.  Issue Presented

The Court must determine whether to dismiss the state law claims and any claims asserted by KBH.

## IV. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted.  There is a strong presumption against the dismissal of claims under this rule.  *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999).  The Court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the Plaintiffs.  *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991).  Only if the Plaintiffs can allege no set of facts in support of their claims is dismissal appropriate.  *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995).

## V. Analysis

The Defendants argue that the state law claims asserted against Ms. Spaulding and Mr. Ivers are barred by a one-year statute of limitations. They also argue that such claims are barred by the Colorado Governmental Immunity Act to the extent that they are asserted against the City of Fort Collins. Finally, they contend that only a decedent's estate can bring a § 1983 claim on behalf of a decedent. The Plaintiffs have had an opportunity to respond to these arguments but have not done so.

The statute of limitations for actions against a police officer is one year. § 13-80-103(1)(c). Therefore, the state law claims against Ms. Spaulding and Mr. Ivers are time-barred. Based on the record, it appears that he City of Fort Collins has not waived its governmental immunity for tort claims such as those asserted here. § 24-10-101, C.R.S., *et seq*. For both reasons, the Court must dismiss the state law claims in their entirety.

The Defendants are correct that the only party which can assert a § 1983 claim is the person claiming a violation of his or her rights. *See Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). In their § 1983 claim, the Plaintiffs allege that Bill Evans' rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution were violated by the Defendants' conduct. They also allege that the Defendants violated the constitutional rights of Ms. McTwigan-Evans and KBH, but they have identified no particular provisions of the Constitution which have been violated and have alleged no facts to support any such violation. Conclusory allegations of constitutional violations do not suffice for purposes of Fed. R. Civ. P. 12(b)(6). *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that:

(1)   The Motion to Dismiss **(#7)** is **GRANTED**.

(2)   All state law claims, and all claims asserted by KBH, are **DISMISSED**.

(3)   The sole claim remaining is the claim under 42 U.S.C. § 1983, asserted by Ms. McTwigan-Evans as Personal Representative of the Estate of Bill Evans.

(4)   The caption shall be amended as follows:

JULIE A. MCTWIGAN-EVANS, as Personal Representative of
the Estate of Bill Evans,

   Plaintiff,

v.

KAREN SPAULDING,
BRIAN IVERS, and
THE CITY OF FORT COLLINS, a Colorado municipal
corporation,

   Defendants.

Dated this 30th day of May, 2006

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge