IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00193-MSK-MEH

JULIE A. MCTWIGAN-EVANS, as Personal Representative of
the Estate of Bill Evans,

      Plaintiff,

v.

KAREN SPAULDING;
BRIAN IVERS; and
THE CITY OF FORT COLLINS, a Colorado municipal corporation,

      Defendants.

---

## ORDER ON DEFENDANTS' MOTION FOR ADMISSIONS AND SANCTIONS

---

Before the Court is Defendants' Motion for Admissions and Sanctions Pursuant to Fed. R. Civ. P. Rules 36 and 37(d) [Docket #40].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for resolution.  For the reasons set forth below, the Court will grant in part and deny in part Defendants' Motion for Sanctions.

I.    **Facts**

Plaintiff filed this civil rights action in state court, and Defendants removed the case on February 3, 2006.  On May 8, 2006, a Scheduling Conference was initiated, at which Plaintiff's counsel failed to appear.  Plaintiff's counsel was ordered to pay Defendants' costs in the amount of $927.50 associated with his failure to appear, in six equal monthly payments.  The Scheduling Conference was held with both parties in attendance on May 17, 2006, and the Court set a discovery deadline of November 17, 2006.  On August 15, 2006, Defendant Ivers informed the Court that he was called to active duty and was leaving for Iraq.  Defendant Ivers did not seek a stay of this case

at that time but, rather, indicated that he wished litigation to proceed until his personal involvement became necessary.  Docket #39.

Defendants jointly filed the instant Motion for Sanctions on August 31, 2006, for Plaintiff's alleged failure to cooperate in the discovery process.  Defendants allege that they served their first set of discovery requests on June 16, 2006.  On July 25, 2006, after Plaintiff's responses were already overdue, Defendants' counsel states that he called Plaintiff's counsel and was informed that Plaintiff's responses would be submitted no later than August 4, 2006.  On August 3, 2006, counsel discussed whether the case should be continued while Defendant Ivers was in Iraq, and both counsel agreed on August 7, 2006, to proceed with this lawsuit.  At that time, Plaintiff's counsel informed Defendants' counsel that he had misplaced Defendants' first set of discovery requests, served on June 16, 2006.  Plaintiff's counsel also stated that he would respond by August 17, 2006, although Defendants did not agree to this extension of time.

On August 10, 2006, Plaintiff's counsel stated that he forwarded the discovery requests to Plaintiff.  Defendants believe that, prior to this time, Plaintiff's counsel had not submitted their discovery requests to Plaintiff, even though the requests were made two months previously.  Defendants' counsel again contacted Plaintiff's counsel regarding discovery responses on August 18, 2006, and Plaintiff's counsel stated that full responses would be submitted no later than August 29, 2006.  On August 25, 2006, Defendants received release authorizations for medical records and other records.  As of the filing of this motion on August 31, 2006, Defendants had received no other responses to the discovery requests.

Plaintiff did not respond to this Motion for Sanctions.

Defendants have now file a Notice Regarding Defendants' Motion (Dock. #52), in which

Defendants state that Plaintiff's counsel has now, almost eight weeks after the responses were due, provided responses to Defendants' discovery requests, after much prodding.  Defendants also state that Plaintiff's counsel failed to work out a payment plan with Defendants' counsel and failed to make equal monthly payments as ordered by this Court (Dock. #36), although Plaintiff's counsel did pay $200 to Defendants at the time of the Settlement Conference originally scheduled for September 14, 2006.

## II.   Discussion

"The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).  Rule 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear at a scheduling or pretrial conference. *Id.*  Rule 37 provides for the following sanctions when a party fails to provide discovery:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

Fed. R. Civ. P. 37(b)(2)(A) & (B).  Rule 37(d) further provides, "In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d).  It is within the sound discretion of this Court to determine what sanction is appropriate under the circumstances of this case. *NHL v. Metro. Hockey Club, Inc.*, 427 U.S. 639,

642 (1976).

In the present case, Plaintiff responded to Defendants' first set of discovery requests, only after over two months, by providing release authorizations for medical and other records. Only after Defendants filed the instant Motion did Plaintiff provide complete responses. At no time did Plaintiff seek an extension from the Court of any of these deadlines. In fact, Plaintiff never responded to the instant Motion to provide any justification for these failures. This late response is woefully inadequate and inexcusably late. Notably, Defendants allege that Plaintiff's counsel may have never submitted the discovery requests to Plaintiff until the requests were already weeks overdue.

Because it is likely that Plaintiff is unaware of Plaintiff's counsel's failure to respond to discovery and to this Motion, the Court will not prejudice Plaintiff's case by deeming any requests to be admitted. Nevertheless, under these circumstances, the Court finds that sanctions are appropriate and orders as follows:

(1) Defendants shall have all costs and attorneys fees reasonably incurred in filing the Motion for Sanctions and the Notice Regarding Motion by filing an affidavit supporting such expenses no later than November 3, 2006;

(2) Because it appears that Plaintiff may not have complete knowledge of Plaintiff's counsel's dilatory conduct and complete failure to respond, all expenses are to be borne by Plaintiff's counsel;

(3) Plaintiff's counsel may object to the reasonableness of the fees requested by Defendants no later than November 10, 2006;

(4) Plaintiff's counsel is directed to serve a copy of this Order on Plaintiff and provide proof of service to the Court no later than October 31, 2006; and

(5) Plaintiff's counsel is directed to submit a status report regarding his payments to Defendants under this Court's Order dated May 19, 2006, no later than November 10, 2006.

**III.**     **Conclusion**

Accordingly, for the reasons stated above, the Court Defendants' Motion for Admissions and Sanctions Pursuant to Fed. R. Civ. P. Rules 36 and 37(d) [Filed August 31, 2006; Docket #40] is **granted** in part and **denied** in part.  As outlined above, Defendants shall have their expenses incurred in urging Plaintiff's counsel to respond to discovery, and Plaintiff's counsel shall serve a copy of this Order on Plaintiff and provide the Court with notice of the same.

Dated at Denver, Colorado this 25th day of October, 2006.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge