IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00193-MSK-MEH

JULIE A. MCTWIGAN-EVANS, as Personal Representative of the Estate of Bill Evans,

     Plaintiff,

v.

KAREN SPAULDING;
BRIAN IVERS; and
THE CITY OF FORT COLLINS, a Colorado municipal corporation,

     Defendants.

---

## ORDER ON SANCTIONS

---

This matter is before the Court following Defendants' Notice Regarding Plaintiff's Compliance with this Court's Order on Defendants' Motion for Admissions and Sanctions [Docket #60]. On November 20, 2006, this Court issued a Minute Order requiring both parties to appear in person on November 27, 2006, for a hearing on the above matter. Dock. #61. Plaintiff's counsel failed to appear in person, but did appear by phone after being reached by Courtroom Deputy Cathy Coomes. The matter was reset for another in-person hearing on November 30, 2006 (hereinafter "the Hearing"), at which both parties presented arguments.

I.     **Factual and Procedural Background**

Having reviewed the record in detail, the Court finds as relevant the following procedural history in this case:

1.     Plaintiff's counsel, Mr. Leo Wotan, has materially failed to comply with orders of this Court. On April 26, 2006, and on May 8, 2006, Plaintiff's counsel failed to appear for the first two settings of the Scheduling Conference in this case, and this Court ordered Mr. Wotan to reimburse the reasonable attorney's fees expended by Defendants as a result of his failure to participate in the

Scheduling Conference. Dock. #36. Mr. Wotan recognized the propriety of the sanction for his conduct and asked that he be allowed "a reasonable time to pay such fees and/or costs." Dock. #34. The Court allowed Plaintiff's counsel to make six monthly equal payments for a total of $927.50, to be completed by November 19, 2006. Dock. #36. At the Hearing, evidence presented established that Plaintiff's counsel made only one payment in the amount of $200.00.

2.      On September 14, 2006, a Settlement Conference was scheduled before this Court in this matter. Plaintiff herself failed to attend, despite the fact that both this Court's Minute Order (#33) and the Scheduling Order (#37) explicitly instructed counsel that "parties . . . with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel.)" Dock. #37, p.8. Mr. Wotan's failure to have his client attend required the Court to reset the Settlement Conference. Dock. #42.

3.      Defendants filed a Motion for Admissions and Sanctions (#40) on August 31, 2006, because Mr. Wotan had failed to respond to discovery that was already six weeks overdue. Plaintiff did not respond to this Motion, but did eventually, after repeated prodding, produce most of the documents requested. Dock. #52. On October 25, 2006, this Court issued its Order on Defendants' Motion for Admissions and Sanctions and specifically ordered as follows:

> (1) Defendants shall have all costs and attorneys fees reasonably incurred in filing the Motion for Sanctions and the Notice Regarding Motion by filing an affidavit supporting such expenses no later than November 3, 2006;
>
> (2) Because it appears that Plaintiff may not have complete knowledge of Plaintiff's counsel's dilatory conduct and complete failure to respond, all expenses are to be borne by Plaintiff's counsel;
>
> (3) Plaintiff's counsel may object to the reasonableness of the fees requested by Defendants no later than November 10, 2006;
>
> (4) Plaintiff's counsel is directed to serve a copy of this Order on Plaintiff and provide proof of service to the Court no later than October 31, 2006; and

(5) Plaintiff's counsel is directed to submit a status report regarding his payments to Defendants under this Court's Order dated May 19, 2006, no later than November 10, 2006.

Dock. #56, p. 4. Defendants filed their affidavit for attorney's fees on November 2, 2006 (#57), but Plaintiff failed to comply with any of these orders and specifically did not object to the reasonableness of the requested fees. Thus, Defendants filed the Notice Regarding Plaintiff's Compliance (#60).

4.    Appearing by telephone on November 27, 2006, Plaintiff's counsel stated that he was unaware of the previous order and asserted that computer and email problems had left him unable to receive electronic notice of filings in this Court.   To provide some accommodation for Plaintiff's counsel, the Court ordered Mr. Wotan to appear in person, along with the Plaintiff, on November 30, 2006. The Court further directed Mr. Wotan to familiarize himself with *all* Orders and other filings that had been entered in this case prior to the Hearing.  The Court also notified Mr. Wotan that the Hearing would address all matters raised by Defendants either in writing or orally, and that a response by Mr. Wotan to the matters pending before the Court could be filed prior to the Hearing.

5.    Mr. Wotan filed no response prior to the Hearing and admitted at the Hearing that he had read none of the Orders of this Court, as directed.  Mr. Wotan stated that his email troubles began in October and remain unresolved and further asserted his mistaken belief that Defendants' counsel would mail him a hard copy of every pleading filed.

## II.    Discussion

Much of Mr. Wotan's arguments at the Hearing center on his computer problems that began in October 2006.  The Court finds his explanation not entirely credible based on the following portions of the record.  First, Defendants' Motion for Sanction, to which Mr. Wotan never responded, was filed in August 2006, well before Mr. Wotan's recent computer troubles.  Second, Mr. Wotan filed a Motion for Extension of Time to Identify Experts on September 19, 2006 (#43),

which this Court denied without prejudice for failure to comply with D.C.Colo.L.Civ.R. 7.1.A, Duty

Confer (#48).   Mr. Wotan acknowledged his receipt of this Order in his renewed motion filed on

October 9, 2006.   Dock. #49.   Mr. Wotan apparently failed to review the rest of the Docket to see

what other activity had occurred in this case.   Third, Mr. Wotan admitted that he was contacted by

Supervisory Deputy Clerk Gail Shaw both on November 21, 2006, and November 24, 2006, and was

informed that his email would not accept the Court's electronic filing notices.   These conversations,

however, did nothing to urge Mr. Wotan to review the Docket online or come to the courthouse and

determine what filing notices he had missed.   Finally, Mr. Wotan knew of his computer troubles since

October 2006, but has made no effort at any time, including *after* his telephonic appearance on

November 27, 2006, to familiarize himself with any of the filings in this case or the Orders of this

Court.

  At the very least, this conduct constitutes reckless disregard, if not intentional ignorance for

this Courts's Orders, filings by Defendant, and Mr. Wotan's own responsibility to his client to

properly prosecute this case, which is unacceptable to this Court.   Even so, the Court faces a

challenge in that no previous efforts of this Court to ensure compliance with its Orders has had a

tangible effect on Mr. Wotan.   In addition, Mr. Wotan has done nothing since the Hearing to comply

with any of the previous Orders of this Court.

  This Court previously awarded sanctions against Mr. Wotan for his repeated failure to

respond to discovery requests and allowed him to object to the reasonableness of the fees requested

by Defendants.   Dock. #56.   Defendants have requested from the Court fees in the amount of

$3,516.00, for their efforts on the Motion for Admissions and Sanctions.   Dock. #57.   Although

Plaintiff did not object, the Court independently evaluates the fees for reasonableness and first

determines that the hourly rate of $120.00 per hour is reasonable.   Upon review of Defendants'

4

affidavit, the Court finds two time entries of research regarding sanctions and will reduce the total time of 6.1 hours to 4.0 hours, but concludes that the remaining entries are reasonable. After reducing the amount requested by $252 ($120 x 2.1), Defendants are awarded $3,264.00 pursuant to this Court's Order dated October 25, 2006. The Court also finds it reasonable to award Defendants their reasonable attorney's fees in preparing the Notice Regarding Plaintiff's Compliance (#60) and for the hearings on November 27, 2006, and November 30, 2006, in the amount of $240.00 ($120.00 x 2 (1 hour of court time plus 1 hour for preparing the Notice (#60))). Mr. Wotan also remains indebted to Defendants for this Court's previous award of attorneys fees in the amount of $727.50 ($927.50 minus the payment of $200.00). Defendants are therefore awarded their reasonable attorney's fees in the amount of $4,231.50, inclusive of all previous awards.

## III.    Conclusion

Accordingly, it is hereby ORDERED that:

Plaintiff's counsel, Mr. Leo Wotan, shall pay to Defendants' counsel the sum of $4,231.50 in reasonable attorney's fees. Because Mr. Wotan has previously failed to make installment payments, this amount shall be paid to Defendants' counsel in total **no later than January 15, 2007**. A certificate of compliance is to be filed with the Court no later than January 15, 2007.

Plaintiff's counsel is once again ordered to serve Plaintiff with a copy of this Court's Order on Defendants' Motion for Admissions for Sanctions (#56), as well as a copy of this Order. Mr. Wotan shall provide the Court with proof of service regarding the same on or before **December 15, 2006**.

Mr. Wotan is hereby cautioned that further proceedings in this case due to his failure to comply with Court Orders will include a finding of whether Mr. Wotan should be held in either civil or criminal contempt of Court.

Dated at Denver, Colorado this 7th day of December, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge