IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00193-MSK-MEH

JULIE A. MCTWIGAN-EVANS, as Personal Representative of the Estate of Bill Evans,

       Plaintiff,

v.

KAREN SPAULDING,
BRIAN IVERS, and
THE CITY OF FORT COLLINS, a Colorado municipal corporation,

       Defendants.

---

## ORDER DENYING MOTION

---

THIS MATTER comes before the Court on the Plaintiff's "Emergency Motion for Extraordinary Temporary Relief and Other Remedial Relief, if Necessary, for Leave to Designate Experts Out of Time, and for Such Further and Other Relief as Shall Help Put this Case in a Balanced Posture and Eliminate any Current Prejudice to Plaintiff's Case" **(#78)**. Having considered the same, the Court

      **FINDS** and **CONCLUDES** that:

In her motion, the Plaintiff seeks: (1) a stay of all proceedings; (2) an extension of time to either file an objection to the Magistrate Judge's December 2006 order imposing sanctions or to pay the amount ordered; (3) an extension of deadlines which have already passed; (4) an extension of time to designate expert witnesses; and (5) time to allow the Plaintiff to find new counsel, if she should desire it. These requests are premised upon counsel's inexperience with Electronic Case Filing ("ECF"), his belief that the Magistrate Judge is biased against him and his client, and his

uncertainty as to whether he continues to have an attorney-client relationship with the Plaintiff.

The motion lacks certification under D.C.COLO.LCivR 7.1(A), and is denied for this reason alone.  Rule 7.1(A) has been in effect since 2002 and provides:

> Duty to Confer. The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

However, the Court also notes that civil cases have been subject to ECF requirements since June 2005.  The rules governing ECF in civil cases have been available on the Court's website since that time.  The website also contains information on ECF training and has a link to an online training tutorial.  All counsel admitted to practice in this Court are expected to know all applicable rules, and follow them.  Upon readmission to practice in this Court in April 2006, the Plaintiff's attorney was obligated to immediately familiarize himself with the ECF requirements and, to the extent he needed assistance, could do so through the ECF help desk.  His delay in doing so is a matter of grave concern to this Court, but it not the reason the current motion is denied.

**IT IS THEREFORE ORDERED** that the Plaintiff's "Emergency Motion for Extraordinary Temporary Relief and Other Remedial Relief, if Necessary, for Leave to Designate Experts Out of Time, and for Such Further and Other Relief as Shall Help Put this Case in a Balanced Posture and Eliminate any Current Prejudice to Plaintiff's Case" **(#78)** is **DENIED** for failure to comply with D.C.COLO.LCivR 7.1(A).

Dated this 22nd day of January, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge