IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00193-MSK-MEH

JULIE A. MCTWIGAN-EVANS, as Personal Representative of
the Estate of Bill Evans,

      Plaintiff,
v.

KAREN SPAULDING;
BRIAN IVERS; and
THE CITY OF FORT COLLINS, a Colorado municipal corporation,

      Defendants.
_____

## ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME
_____

Before the Court is Plaintiff's Motion for Extension of Time to File Plaintiff's Response to Defendants' Motion for Summary Judgment and to Designate Experts [Docket #93]. The motion, as it relates to designation of experts, has been referred to this Court [Docket #95]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion for Extension of Time to Designate Experts.

Plaintiff has previously requested an extension of this deadline on a number of occasions. Aside from those motions denied without prejudice for failure to comply with the local rules, the Court has granted these extensions on two occasions. Each time, Plaintiff has failed to designate her expert in the time allowed and has instead filed an additional motion for extension providing more reasons why the expert was not properly disclosed allowed under the previous order.

Regarding Plaintiff last motion for extension of time, the Court concluded:

> [A]fter considering all the arguments and the equities, the Court will permit an expert designation of John Kozial **in compliance with the federal rules concerning**

> **designation of specially retained experts** on or before **February 5, 2007**. Defendants shall have 30 days in which to designate any rebuttal expert(s).
>
> All discovery concerning experts must be completed by March 21, 2007. The Court intends to proceed with the Settlement Conference on March 6, 2007, and will not permit this extension to interfere with District Judge Krieger's April 19, 2007, Final Pretrial Conference. No further extensions will be considered.

Dock. #81. In the latest request for an extension, Plaintiff's counsel states that he was out of state when the order granting this motion was issued and that he had asked the Court and Defendants' counsel not to file any documents in this case while he was out of state. Because of the timing of the Order, Plaintiff's counsel states that he was unaware his motion had been granted and, even if he had known, he could not have complied while he was out of state.

At the outset, the Court notes that its prior order granting the second extension clearly stated "[n]o further extensions will be considered." Dock #81. While Plaintiff provides no argument as to why this order should be disregarded, the Court will nevertheless engage in the analysis set forth in the applicable Federal Rules of Civil Procedure. For the Court to modify the Scheduling Order, Plaintiff must establish that good cause exists to support this extension of the expert witness deadline. Fed. R. Civ. P. 16(b). Good cause in this context focuses on the diligence of the party seeking to amend the scheduling order. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997).

Because Plaintiff's request is after the deadline at issue, Plaintiff must also establish excusable neglect. Fed. R. Civ. P. 6(b)(2). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)."

*Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

In this case, Plaintiff can establish neither good cause nor excusable neglect. Plaintiff's counsel produces no evidence that he was diligent in seeking this extension, particularly given his failure to designate expert witnesses after the Court granted his two previous motions. In fact, Plaintiff's counsel learned no later than February 13, 2007, that orders were entered in this case while he was out of state. Plaintiff filed the first motion for extension of time on February 20, 2007, which was denied without prejudice the following day for failure to comply with the Local Rules. Plaintiff did not file the instant motion until March 8, 2007. Moreover, the mistaken belief that this Court would put this case on hold while Plaintiff's counsel was out of state does not constitute excusable neglect. Such a mistaken belief, although not a mistaken construction of a specific rule, is not excusable as that term is used in this context. *See, e.g.*, *Ghamrawi v. Case & Assocs. Props.*, 116 Fed. Appx. 206, 210 (10th Cir. 2004).

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Extension of Time to Designate Experts [Filed March 8, 2007; Docket #93] is **denied**.

Dated at Denver, Colorado, this 21st day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge